UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

| | |
|---|---|
| MELODY ANN HAVER, INDIVIDUALLY AND AS SPECIAL ADMINISTRATOR OF THE ESTATE OF REX HAVER<br><br>PLAINTIFF,<br><br>VS.<br><br>FEDERAL EMERGENCY MANAGEMENT AGENCY AND DOES 1-20, INCLUSIVE,<br><br>DEFENDANTS. | No. |

**COMPLAINT**

**INTRODUCTION**

1. Plaintiff Melody Ann Haver, individually and as the Special Administrator of the Estate of her deceased husband, Rex G. Haver, is an individual damaged by the Hermit's Peak/Calf Canyon Fire ("Fire"), which was started by the federal government. The historic fire, and subsequent flooding had devastating impacts on residents of New Mexico.

2. Congress enacted the Hermit's Peak/Calf Canyon Fire Assistance Act ("HPFAA" or the "Act") (Pub. L. 117-180, 136 State. 2168 (2022)) to compensate victims of the Hermit's Peak Fire for actual compensatory damages provided under the New Mexico state law. Congress designated the Federal Emergency Management Agency's ("FEMA") as the Administrator of claims under the HPFAA and directed FEMA to expedite payments to victims of the Fire.

1

3. The HPFAA provides the right for judicial review of any final decision of the Administrator. Specifically, the HPFAA states, "Any claimant aggrieved by a final decision of the Administrator under this Act may, not later than 60 days after the date on which the decision is issued, bring a civil action in the United States District Court for the District of New Mexico, to modify or set aside the decision, in whole or in part." Hermit's Peak's Fire Assistance Act. Pub. No. 117-180, § 104(i)(1), 136 Stat. 2168, 2173 (2022).

4. Plaintiff has been aggrieved by FEMA's final determination because it denies her actual compensatory damages permitted under New Mexico state law.

5. Plaintiff now brings the civil action under section 104(i)(1) to modify or set aside FEMA's decision and award Plaintiff the full amount of the actual compensatory damages permitted under New Mexico state law.

## JURISDICTION & VENUE

6. This court has jurisdiction under 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States, and 28 U.S.C. §§ 1346 and 2671 because the United States agency is a defendant.

7. This Court has jurisdiction under 28 U.S.C. § 2201– 2202, because this action is brought by a person adversely affected by agency action. The Administrator's final decision of Plaintiff's claims constitutes a final agency action subject to judicial review under the HPFAA § 104(i)(1). Further, the Administrator's final decision shows an actual controversy exists between the parties within the meaning of 28 U.S.C. § 2201(a). Accordingly, this Court has jurisdiction pursuant to the Hermit's Peak Fire Assistance Act, Pub. L. No. 117–180, §104(i)(1), 136. Stat. 2168, 2173 (2022).

8. Venue is proper in this court under 28 U.S.C. § 1391(e)(1)(B)-(C) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, a substantial part of property that is the subject of the action is situated in this judicial district, Plaintiff resides in this judicial district, and/or § 104(i)(1) of the HPFAA expressly states a civil action seeking judicial review of the Administrator's final decision is to be filed in the United States District Court for the District of New Mexico.

### PARTIES

9. Plaintiff Melody Ann Haver brings this action individually and as Special Administrator of the Estate of her deceased husband, Rex G. Haver. Melody Ann Haver and Rex. G. Haver suffered property damage in the Fire, submitted claims to FEMA, and received a final decision from FEMA on their claims.

10. Melody Ann Haver and Rex. G. Haver submitted their claims to FEMA pursuant to the HPFAA.

11. The Havers claimed, among other items of damages, reforestation and noneconomic damages. The Havers received FEMA's final determination of their claims on or about May 5, 2025. The final determination provides less than the Havers actual compensatory damages supported in their claims and categorically excludes compensation for certain items of damages, such as noneconomic damages.

12. Defendant FEMA is an executive agency of the United States government, and bears responsibility in while or part for the acts or omissions complained herein including

promulgating the Rule.  Under the HPFAA, FEMA is directed to receive, process, and pay claims in accordance with the HPFAA.[1]

13. Plaintiff is ignorant of the true names and capacities of those Defendants sued herein as DOES1 through 20, Inclusive, and therefore sues them by such fictitious name. Plaintiff will amend this Complaint to show the true names and capacities of said DOE Defendants when the same are ascertained.

## BACKGROUND

### A. The Federal Government Enacted the HPFAA to Promptly Compensate Victims of The Hermit's Peak/Calf Canyon Fire.

14.  On April 6, 2022, the U.S. Forest Service initiated a prescribed burn on federal land in the Santa Fe National Forest in San Miguel County, New Mexico.  The prescribed burn got out of control, resulting in a wildfire that spread to adjacent, non-federal land, and merged with another fire.[2] The fire, known as the Hermit's Peak/Calf Canyon Fire, is the largest fire in New Mexico history. It forced thousands of residents to evacuate and ultimately destroyed 903 structures, including several hundred homes, and burned 341,471 acres of land, trees, and vegetation.

15. The President declared the Hermit's Peak/Calf Canyon Fire "a major disaster," and Congress acknowledged its impact, recognizing forced evacuations, and damage or destruction of state, local, Tribal, and private property in Colfax, Mora, and San Miguel counties in New Mexico.[3]  The President reaffirmed that the people of New Mexico will have the full support of

---

[1]   *See* Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 104(a)(2), 136 Stat. 2168, 2170 (2022).
[2]   *Id.*, § 102(a)(1)-(4), 136 Stat. at 2168.
[3]   *Id.*, § 102(a)(5)-(6), (9), 136 Stat. at 2168-69.

the federal government, and that every effort will be made to provide immediate help to people in the impacted communities and to support the State throughout its recovery.

16. Congress determined that "the United States should compensate the victims of the Hermit's Peak Fire."[4]

17. On September 30, 2022, Congress enacted-and the president signed-the HPFAA.[5]

18. The HPFAA's stated purposes are "to compensate victims of the Hermit's Peak/Calf Canyon Fire, for injuries resulting from the fire."[6]

19. Congress allocated $3.95 billion to compensate victims of the Hermit's Peak/Calf Canyon Fire under the HPFAA.[7]

**B. The HPFAA Entitles Plaintiff to Compensation for Interference with Personal Comfort, Inconvenience, and Annoyance.**

20. The HPFAA states that claimants are entitled to "payment under this Act" for "actual compensatory damages."[8]

21. The HPFAA repeatedly invokes New Mexico law to define the scope of damages recoverable under the Act. First, the HPFAA flatly states "the laws of the State of New Mexico shall apply to the calculation of damages."[9] Second, the HPFAA expressly incorporates the

---

[4] *Id*., § 102(a)(10), 136 Stat. at 2169.
[5] Hermit's Peak/Calf Canyon Fire Assistance, 88 Fed. Reg. at 57,731.
[6] Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 102(b)(1), 136 Stat. 2168, 2169 (2022).
[7] FEMA, FAQ: Hermit's Peak/Calf Canyon Fire Assistance Act Final Rule (Aug. 28, 2023), https://www.fema.gov/fact-sheet/faq-hermits-peakcalf-canyon-fire-assistance-act-final-rule#:~:text=The%20Hermit%27s%20Peak%2FCalf%20Canyon,major%20concnerns%20from%20the%20community.
[8] Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 104(c)(3), 136 Stat. 2168, 2170 (2022).
[9] *Id.,* § 104(c)(2), 136 Stat. at 2170; see also 44 C.F.R. § 296.21(a) ("The laws of the State of New Mexico will apply to the calculation of damages.").

definition of a compensable "injury" from the FTCA, which in turn compensates "claimant[s] in accordance with the law of the place where the act or omission occurred."[10]

22. Under New Mexico law, a wildfire that damages or disrupts the real or personal property of a landowner is a "nuisance" and may also constitute a trespass.[11]

23. Under New Mexico law, nuisance and trespass victims are entitled to noneconomic damages for interference with personal comfort, annoyance, and inconvenience *in addition* to their economic losses.[12]

24. Accordingly, under the HPFAA, FEMA must award claimants noneconomic damages for interference with personal comfort, annoyance, and inconvenience.  But FEMA has categorically excluded noneconomic damages in its final determinations of the Havers' claims.

---

[10] Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 104(a)(1), 136 Stat. 2168, 2170 (2022) ("Each injured person shall be eligible to receive from the United States compensation for injury suffered by the injured person as a result of the Hermit's Peak/Calf Canyon Fire."; *id*., § 103(5), 136 Stat. at 2169 ("The term 'injury' has the same meaning as the term 'injury of loss of property, or personal injury or death' as used in section 1346(b)(1) of title 28 United States Code."; 44 C.F.R. § 296.4 ("'Injury' [under the HPFAA] means 'injury or loss of property, or personal injury or death,' as used in the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1) (making "the United States" liable "for money damages … under circumstances where … a private person [] would be liable to the claimant in accordance with the law of the place where the act or omission occurred"].)

[11] *City of Sunland Park v. Harris News, Inc.*, 124 P.3d 566, 577 (N.M. Ct. App. 2005); *New Mexico v. Gen. Elec. Co*., 335 F. Supp. 2d 1185, 1239-41 (D.N.M. 2004); *see also Dolan v. Federal Emergency Management Agency,* 760 F.Supp.3d 1200 (2024).

[12] *Aguayo v. Village of Chama,* 449 P.2d 331, 333 (N.M. 1969) ["[T]he rule [for nuisance claims] is that … personal damages [for discomfort, annoyance, etc.] are recoverable in addition to, or separate from damages for diminution in rental or use value."]. *Padilla v. Lawrence*, 685 P.2d 964, 969 (N.M. Ct. App. 1984) ("A plaintiff in a private nuisance action may seek compensation for interference with personal comfort as well as for diminution in property value."); N.M. Const., art. II, § 4 ("All persons are born equally free, and have certain natural, inherent and inalienable rights, among which are the rights of enjoying and defending life and liberty, of acquiring, possessing and protecting property, and of seeking and obtaining safety and happiness."); *see also Dolan v. Federal Emergency Management Agency,* 760 F.Supp.3d 1200 (2024).

**C. Plaintiff Has a Right to Judicial Review of FEMA's Final Determination of The Havers' Claim.**

25. The HPFAA provides the right for judicial review of any final decision of the Administrator. Specifically, the HPFAA states "Any claimant aggrieved by a final decision of the Administrator under this Act may, not later than 60 days after the date on which the decision is issued, bring a civil action in the United States District Court for the District of New Mexico, to modify or set aside the decision, in whole or in part."[13]

26. Plaintiff now seeks judicial review of FEMA's final determination of the Havers' claims.

## Count I

### (Judicial Review of Agency Action under the HPFAA)

27. All foregoing paragraphs of this Complaint are realleged and incorporated herein by reference.

28. FEMA is the agency appointed as the "Administrator" of the HPFAA.[14]

29. FEMA's Final Determination of the Havers' claims submitted pursuant to the HPFAA is a final agency action made reviewable by the HPFAA.[15]

30. The Final Determination of the Havers' claims is not in accordance with the law. HPFAA entitles claimants to noneconomic damages for interference with personal comfort, annoyance, and inconvenience, and the Final Determination categorically refuses to award those same damages, among other damages.

31. FEMA's categorical exclusion of certain items of damages, such as noneconomic damages, and its inadequate award of other elements of damage, such as for reforestation,

---

[13] Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 104(i)(1), 136 Stat. 2168, 2173 (2022).
[14] *Id*. § 103(1)(A), 136 Stat. 2168, 2169 (2022).
[15] *Id*. § 104(i)(1), 136 Stat. 2168, 2173 (2022).

harmed Plaintiff and her decedent husband and other similarly situated Fire victims by depriving them of compensation to which they are entitled under the HPFAA.

32. Plaintiff seeks judicial review of FEMA's final determination of the Havers' claims.

## PRAYER OF RELIEF

WHEREFORE Plaintiff respectfully requests that this Court:

1. Review, modify or set aside FEMA's final determination of the Havers' claims and award Plaintiff all claimed damages permitted under the HPFAA;

2. Award Plaintiff costs and reasonable attorney's fees;

3. Award interest on the submitted claims; and

4. Grant such other relief as the Court deems just and proper.

Dated: July 2, 2025                    Respectfully submitted,

*/s/ Antonia Roybal-Mack*
ROYBAL-MACK & CORDOVA, PC
Antonia Roybal-Mack
P.O. Box 91658
Albuquerque, NM 87199
505-288-3500
antonia@roybalmacklaw.com

ROBINS CLOUD LLP
Ian Cloud PHV Pending
Scott Marshall PHV Pending
2000 West Loop S Suite 2200
Houston, Texas
(713) 650-1200
icloud@robinscloud.com
smarshall@robinscloud.com